Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 353 | **DATE** | 2/28/2012 |
| **CASE TITLE** | Tiberiu Klein vs. Greyhound Lines, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies plaintiff's motion to proceed *in forma pauperis* [# 4] and directs the Clerk to enter judgment dismissing this action.

■[ For further details see text below.]   Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Tiberiu Klein has filed a *pro se* personal injury / product liability suit against Greyhound Lines, Inc. and other entities. Mr. Klein has moved to proceed *in forma pauperis*, that is, without paying the usual filing fee. The Court has therefore reviewed the complaint to determine whether it is legally frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Mr. Klein's complaint and amended complaint allege that in January 2002, in Colorado, the driver of a Greyhound bus negligently or recklessly struck and killed Mr. Klein's wife, Claudia Zvunca. Mr. Klein filed an earlier suit concerning this same incident, Case No. 02 C 3856. This Court transferred that case to the District of Colorado after the defendants removed it to federal court. Mr. Klein's current complaint appears to allege that at some later date, an estate proceeding was opened in Illinois for the benefit of Cristina Zvunca, Ms. Zvunca's surviving child from a previous marriage. The estate administrator evidently attempted to intervene in the Colorado case (in which Mr. Klein was the only plaintiff) to assert the child's claim, but the Colorado judge apparently did not permit this. In 2004, Cristina filed a separate lawsuit in Illinois state court. Mr. Klein was not included as a plaintiff; he says this was because the statute of limitations had expired on any claim that he could make. He appears to allege that he tried to intervene in the Illinois case but that this was refused.

Mr. Klein alleges that in 2006, the Illinois Appellate Court ruled that the Illinois case brought on behalf of Cristina was a different lawsuit from Mr. Klein's Colorado case brought as Ms. Zvunca's surviving spouse. Mr. Klein alleges that Cristina's Illinois case was settled in June 2010 and that in September 2010, the Illinois trial judge stated that the settlement did not include the claims in Mr. Klein's Colorado lawsuit.

In July 2010, Mr. Klein filed a separate lawsuit in the District of Colorado, purportedly on behalf of Cristina, alleging that he was her legal guardian.

| STATEMENT |
|---|

In June 2011, the judge presiding over the two Colorado cases dismissed both Mr. Klein's 2002 lawsuit brought as surviving spouse and his 2010 lawsuit brought on behalf of Cristina. The judge entered virtually identical orders in each case. The judge's order was premised on the settlement and dismissal of Cristina's Illinois case. The judge noted that the court in the Illinois case had concluded that a conflict of interest existed between Mr. Klein and Cristina because they had competing claims and had prohibited Mr. Klein from representing Cristina in any capacity. The judge concluded as follows: "This court must give full faith and credit to orders of the Circuit Court of Cook County. In this court Klein has not shown and cannot show that he has authority to represent the interests of Cristina or the Estate of Claudia Zvunca in litigation arising out of the bus accident." *See Klein v. Tatum*, No. 02-cv-01827-RPM-GJR, slip op. at 4 (D. Colo. June 30, 2011); *see also Zvunca v. Greyhound Lines, Inc.*, No. 10-cv-1701-RPM, slip op. at 4 (D. Colo. June 30, 2011). Based on these determinations, the judge dismissed both of Mr. Klein's lawsuits. The dockets in those cases reflect that Mr. Klein has appealed both decisions and that the appeals are currently pending.

The present lawsuit represents an attempt by Mr. Klein to reassert his claims as surviving spouse of Ms. Zvunca. First, he challenges the propriety of the dismissal of the Colorado case that he brought as surviving spouse and seeks a declaratory judgment that he can refile that case. Second, Mr. Klein seeks a declaratory judgment from this Court to the effect that he can refile his surviving-spouse claims within one year of the Colorado case's dismissal, pursuant to 735 ILCS 5/13-217. Mr. Klein expresses concern that if he does not obtain an order saying he can refile his case, he will lose that right under section 13-217 as of June 30, 2012. Third, Mr. Klein seeks an injunction barring enforcement of what he identifies as an order by an Illinois court in November 2011 that he says "intend[s] to bar Klein to file or continue any lawsuit in US seeking damages for the loss of his wife." Am. Compl. ¶ 21. 4

Mr. Klein's claims are legally frivolous and/or fail to state a claim upon which relief may be granted. First, it is conceivable that Mr. Klein may have a point that it was improper for the Colorado court to dismiss his original suit as surviving spouse on the basis of a settlement of Cristina's separate suit. But the appropriate mechanism for challenging the dismissal of his original Colorado case is an appeal from that dismissal (which he is currently undertaking), not filing a fresh suit. The judgment against him in the Colorado case bars this action by virtue of the doctrine of *res judicata*, or claim preclusion, even though an appeal is pending. *See, e.g., Obi v. P&B All-Star Const., Inc.*, No. 11 C 3980, 2011 WL 4361563, at *3 (N.D. Ill. Sept. 19, 2011); *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 500 F. Supp. 2d 864, 868 (N.D. Ill. 2007). Second, the Illinois statute under which Mr. Klein seeks a declaratory judgment permitting him to refile suit within one year of the Colorado dismissal, 735 ILCS 5/13-217, applies only when a case has been dismissed for lack of jurisdiction or venue. The dismissal in the Colorado cases was on the merits; it was not a jurisdictional or venue-based dismissal. Finally, with regard to the November 2011 Illinois state court order, a federal court lacks jurisdiction to review the judgment of a state court under the *Rooker-Feldman* doctrine, which bars federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

For these reasons, the Court denies plaintiff's motion to proceed *in forma pauperis* [# 4] and directs the Clerk to enter judgment dismissing this action.